SIUFANUA of Faleniu and TUIAANA of Faleniu, Plaintiffs

v.

UELE of Faleniu, Defendant

No. 16-1949

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Toa" in Mesepa]

May 30, 1949

A. A. MORROW, *Chief Justice;* MALEPEAI and NUA, *District Judges.*

DECISION

Heard at Fagatogo May 19, 1949.
Siufanua, *pro se;* Uele, *pro se;* Puaatuua for Tuiaana.

MORROW, *Chief Justice.*

Uele of Faleniu filed his application with the Registrar of Titles to have a piece of land described by him as Toa in Mesepa registered as his individually owned property. The application was accompanied by a survey of the tract. Siufanua of Faleniu filed an objection to the proposed registration claiming that the surveyed land was the communal family land of the Tuiaana title. This litigation arises as a result of these two objections. See Sec. 905 of the A. S. Code. The court viewed the land in the presence of all claimants prior to the hearing.

As above stated, Uele in his application to register claimed that the land was his individually owned property. However, at the hearing he was asked how he claimed it. He answered "As Seigafo communal family land." Seigafo is a matai name. The Seigafo filed no objection to the pro-

posed registration. This is an indication that the Seigafo makes no claim to the land involved. When Uele was asked at the beginning of the hearing "Are you a member of the Seigafo family?" he answered "Yes." Later he testified that he was not a member of this family; also that his wife Bella was not a member. Bella testified that neither she nor Uele were members of the Seigafo family. She further testified that her husband Uele was a member of the Tuiaana family. The Tuiaana testified to the same effect. Uele testified that he was connected with the Tuiaana family. It is clear from the evidence that a part of the land Lualea adjoining the surveyed tract on the east is the property of the Tuiaana. It is also clear both from the evidence and the statement in support of his title filed before the hearing that included in the survey a part of the land Lualea adjoining a part thereof which is admittedly the property of Tuiaana. In fact Uele testified that he included part of Lualea in the survey. Uele has some small plantations on the part of the land Lualea covered by the survey. Despite the conflict in the evidence we are convinced that these plantations have been put in by Uele as a member of the Tuiaana family. We are further convinced that the surveyed land is not Seigafo property.

At the hearing Tuiaana claimed that the eastern part of the surveyed tract was the communal family land of the Tuiaana. Siufanua claimed that the western part of the surveyed tract was the communal family land of the Siufanua.

Both Uele and Bella testified that they had had three houses on the land prior to December 1948 when they stopped the completion of a fourth house at the suggestion of the Attorney General to whom Siufanua had made complaint about the erection of such house. A number of witnesses including Siufanua and Tuiaana testified that the three above mentioned houses had never existed. Uele tes-

tified that two of them stood on the same spot where the so-called fourth house was being erected; that they were living houses. However there was neither coral nor stones on the spot to indicate that a living house had ever been there. The circumstantial evidence clearly supports the testimony of the witnesses who testified that the three houses never existed. Uele and Bella both admitted that for a period going back at least to the date of their marriage in 1907 Uele had had his living house in another locality.

Siufanua put up a house in 1932. We believe from the evidence that much of the timber for this house came from the disputed land. So testified Moeai, one of the carpenters who worked on Siufanua's house. Bella testified that she was a member of the Siufanua family. Misileve, age 70, the true sister of objector Siufanua, testified that Siufanua Faalafua, her father, "gave authority to Bella to go ahead to the Toa land and do whatever she wants." Again she testified that the land was given "by my father to Bella to go ahead and plant their plantations to live on." Taking the testimony as a whole we are convinced that Bella was considered a member of the Siufanua family and that when Bella and Uele were married, or sometime thereafter, the Siufanua, in accordance with Samoan custom, authorized them to plant their plantations on the part of the surveyed tract which is now claimed by Siufanua. This would account for the fact that Bella and Uele do have some plantations on the western part of the surveyed tract. When the Claims Commission visited Mesepa for the purpose of settling war claims Siufanua admitted to the Commission that Uele had some plantations on this land which were damaged by the Marines.

We have concluded from the evidence that that part of the surveyed tract lying east of a line (bearing S 6°20' E, length 587.50 ft.) connecting the western end of the bound-

ary marked N 75°24′ W, length 114.06 feet on the survey, and the western end of the boundary marked N 58°11′ E, length 90.28 feet thereon, is that part of the land Lualea included in the survey and that it is the property of the Tuiaana.

We also conclude from the evidence that Toa is a misdescription of the land included in the survey. We are convinced that the part of the surveyed tract lying west of the above mentioned line (bearing S 6°20′ E, length 587.50 feet) includes Aumalagasa and Matavai as stated by Siufanua in his testimony, and that such part is the communal family land of the Siufanua.

In view of our findings from the evidence it is ORDERED, ADJUDGED and DECREED that that part of the surveyed tract lying east of the above mentioned line having a bearing of S 6°20′ E, length 587.50 feet (the north end of such line is the western end of the boundary marked N 75°24′ W, length 114.06 feet, on the survey; the southern end of such line is the western end of the boundary marked N 58°11′ E, length 90.28 feet on the survey) is the communal family land of the Tuiaana title and it will be so registered.

And it is further ORDERED, ADJUDGED and DECREED that the land included in the survey lying west of such line (bearing S 6°20′ E, length 587.50 feet) is the communal family land of the Siufanua title and it will be so registered.

Uele's plantations do not cover all of the surveyed tract. However, he has the right under Samoan custom, upon the rendition of proper service to the proper matai, to continue to use those parts of the land now covered by his plantations.

Inasmuch as Uele paid for having the survey made and the benefits thereof will inure to the Siufanua and Tuiaana titles, it is equitable that Siufanua and Tuiaana pay the

465

costs. Accordingly $12.50 of the costs are assessed to Siufanua and a like amount to Tuiaana. Costs are to be paid within 30 days.

The Registrar of Titles will be advised of the above decree.